### David L. Graves *v.* Thomas Lightfoot, et al.

**Guardian of Lunatic.**

> The guardian of a lunatic appointed in another state has no power to lease the land of the lunatic situated in this state, and where he does so such lease is void.

#### APPEAL FROM LOUISVILLE CHANCERY COURT.

#### April 4, 1878.

### Opinion by Judge Cofer:

The failure of Wilson to file the affidavit required by Sec. 37, Bullitt's Code, should have been taken advantage of by rule to make the affidavit, on pain of the dismission of the suit, and not by demurrer or plea. The affidavit constituted no part of the cause of action, and its absence was not a ground of demurrer.

The guardian of a lunatic, appointed in another state, has no power to lease the land of the lunatic situated in this state. The guardian or committee of a person of unsound mind, like an executor or administrator, has no power or authority as such, outside the state or county in which he is appointed. They each derive their powers from the laws of the place of their appointment, and their powers cannot extend to other states any more than the laws under which the appointments are made.

This rule of law is recognized by our statutes, which authorize non-resident executors and administrators to prosecute actions in the courts of this state upon the execution of a bond (Sec. 43, Art. 2, Chap. 39), and empower the county courts to authorize non-resident guardians of non-resident minors to act as guardians in this state. Sec. 16, Art. 2, Chap. 48, Gen. Stat. But we have no statute which either authorizes the foreign guardian or committee of a per-

son of unsound mind to act as such in this state, or authorizes any court in this state to confer upon them such power.

The proceedings of the Jefferson County Court, purporting to authorize Halliday, the Missouri guardian of Lightfoot, to act as his guardian in this state, were unauthorized and void. The only official representative of persons of unsound mind recognized by our law is denominated a committee, and such representative, appointed by a foreign tribunal, cannot be treated in this state as a guardian, because he may be so called in the state where he was appointed. If he could have any official recognition here it would be as committee, and not as guardian. Besides, our statute authorizing county courts to empower foreign guardians to act as guardians appointed in this state applies only to guardians of non-resident minors.

The lease executed by Halliday was therefore unauthorized, and gave the appellant no right to the occupation of the property, or to cut and remove the timber therefrom. The evidence shows that the estate is being injured by the removal of the timber, and the court below properly enjoined the appellant from committing further waste and from removing the timber already cut without authority.

It is true several witnesses testified that the estate was being improved rather than injured by the appellant, but he has no right even to improve the estate of another without his consent, or the consent of some one authorized to act for him. The chancellor, if he had, in view of all the facts, deemed it advantageous to the lunatic, might have permitted the appellant to continue to cut and remove the timber. He was not bound to interfere at the instance of the next friend prosecuting the suit, unless in his opinion the interest of the lunatic demanded it, but as his interest did demand it, the judgment was proper.

It is not improper that we should remark here that, having enjoined the appellant from removing timber already cut by him, the chancellor should cause it to be taken charge of and sold, and the money to be properly secured.

The land to which the injunction applies is sufficiently described in the judgment, and, as we construe the judgment, the appellant is not enjoined from cutting timber necessary for fire wood or for keeping up the repairs on the farm.

Judgment *affirmed.*

*Moss & Rodman, and C. Peebles, for appellant.*

*Edwards & Seymour, for appellees.*